IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GUY D'ANGELO, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 25-CV-5330 |
| | : | |
| THE SCHOOL DISTRICT OF | : | |
| PHILADELPHIA, | : | |
|     Defendant. | : | |

## MEMORANDUM

**KENNEY, J.**                                                                    **SEPTEMBER 24, 2025**

Plaintiff Guy D'Angelo filed a *pro se* Complaint under seal naming The School District of Philadelphia as the Defendant and asserting claims under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Americans with Disabilities Act ("ADA"). D'Angelo also seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant D'Angelo leave to proceed *in forma pauperis*, unseal the docket of this case, and dismiss the Complaint with leave to amend.

**I.        PROCEDURAL HISTORY AND FACTUAL ALLEGATIONS**

D'Angelo's Complaint consists of the form available to *pro se* litigants to file employment discrimination claims[1] as well as numerous other materials that he submitted on a thumb drive. By checking boxes on the Complaint form, D'Angelo appears to assert claims based on a failure to accommodate his disability, failure to stop harassment, unequal terms and conditions of his employment, and retaliation. (Compl. at 3). Under the "Other" box, he added "unlawful suspension without pay that might lead to termination, and not managing according to

---

[1] The Court adopts the pagination supplied to the Complaint by the CM/ECF docketing system.

the conditions in the 32BJ/Local 1201 Collective Bargaining Agreement." (*Id*.)  In the section of the form that asked D'Angelo to provide the facts underlying his claims, D'Angelo lists numerous other documents that he submitted to the Clerk of Court on a thumb drive.  (*Id*.; ECF No. 5.)  Attached to the Complaint is a copy of a Right to Sue letter from the EEOC.  (Compl. at 6.)  The Complaint contains no narrative description of any events giving rise to D'Angelo's claims.  The thumb drive contains numerous documents, including spread sheets, flow charts, and other voluminous non-narrative data.  (ECF No. 5.)  D'Angelo did not separately file any of the data he put on the thumb drive.  He has, however, filed a motion for counsel and a motion for leave to seal the case.  (ECF Nos. 3, 4.)

II.     **STANDARD OF REVIEW**

The Court grants D'Angelo leave to proceed *in forma pauperis* since he appears unable to pay the filing fee.  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021).  At this early stage of the litigation, the Court will accept the facts alleged in the Complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether the Complaint contains facts sufficient to state a plausible claim. *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v.*

*Hollingsworth*, 115 F.4th 197 (3d Cir. 2024) (3d Cir. 2024).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.

The Court construes the allegations of a *pro se* complaint liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).  "This means we remain flexible, especially 'when dealing with imprisoned pro se litigants[.]'" *Id.* (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013)).  However, "'pro se litigants still must allege sufficient facts in their complaints to support a claim.'" *Id.* (quoting *Mala*, 704 F.3d at 245).  An unrepresented litigant "cannot flout procedural rules — they must abide by the same rules that apply to all other litigants." *Id.*; *see also Doe v. Allegheny Cnty. Hous. Auth.*, No. 23-1105, 2024 WL 379959, at *3 (3d Cir. Feb. 1, 2024) (*per curiam*) ("While a court must liberally construe the allegations and 'apply the applicable law, irrespective of whether the pro se litigant mentioned it be name,' *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002), this does not require the court to act as an advocate to identify any possible claim that the facts alleged could potentially support.").

Moreover, a complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8.  *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019).  To conform to Rule 8, a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief. *See Travaline v. U.S. Supreme Court*, 424 F. App'x 78, 79 (3d Cir. 2011) (*per curiam*) ("Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief,' and 'a demand for the relief sought.'") (quoting Fed. R. Civ. P. 8(a)(2), (3)); *see also id.* ("Each averment must be 'simple, concise, and direct.'") (quoting Fed. R. Civ. P. 8(d)(1)).  "This standard operates in tandem with that of Rule 10," which requires that a pleading contain a caption with the Court's name and the

3

names of the parties, and that claims be listed in numbered paragraphs. *Fabian v. St. Mary's Med. Ctr.*, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) (citing Fed. R. Civ. P. 10).

The United States Court of Appeals for the Third Circuit has explained that in determining whether a pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (citation omitted).  A pleading may still satisfy the "plain" statement requirement "even if it is vague, repetitious, or contains extraneous information" and "even if it does not include every name, date, and location of the incidents at issue." *Id.* at 93-94.  The important consideration for the Court is whether, "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

However, "a pleading that is so 'vague or ambiguous' that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." *Id.* at 93; *see also Fabian v. St. Mary's Med. Ctr.*, No. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) ("Federal Rule of Civil Procedure 8 requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue.") (quotations omitted).  In other words, "[a] complaint must contain sufficient clarity to avoid requiring a district court or opposing party to forever sift through its pages in search of the nature of the plaintiff's claim." *Prelle v. United States by Prelle*, No. 22-1453, 2022 WL 16958896, at *1 (3d Cir. Nov. 16, 2022) (*per curiam*) (internal quotations and citations omitted).  Dismissals under Rule 8 are "'reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is

4

well disguised.'" *Garrett*, 938 F.3d at 94 (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).

## III.   DISCUSSION

D'Angelo's Complaint fails to conform to the requirements of Rules 8 and 10.  He has merely checked boxes on the form indicating the nature of the claims he seeks to assert without providing any narrative description in numbered paragraphs of the facts that support the elements of those claims.[2]  For example, he checked the box indicating he seeks to bring an ADA claim, but does not allege that he is disabled, the nature of this disability, and how that disability forms the basis for his claim.  Likewise, he checked the box indicating he seeks to assert a Title VII claim but does not identify any basis covered by the Act upon which he claims he was discriminated.

---

[2] For a Title VII employment discrimination claim to be plausible, a plaintiff must "plead[ ] sufficient factual allegations to raise a reasonable expectation that discovery will reveal evidence of the following elements: (1) that the plaintiff is a member of a protected class, (2) that the plaintiff was qualified for the position the plaintiff held or sought, (3) that the plaintiff suffered an adverse employment action, and (4) that the circumstances of the adverse employment action give rise to an inference of discrimination. *Johnson v. Keebler-Sunshine Biscuits, Inc.*, 214 F. App'x 239, 241 (3d Cir. 2007); *Connors v. Chrysler Fin. Corp.*, 160 F.3d 971, 974 (3d Cir.1998).  For a retaliation claim under Title VII to be plausible, a plaintiff must "plead[ ] sufficient factual allegations to raise a reasonable expectation that discovery will reveal evidence of the following elements: (1) she engaged in conduct protected by Title VII; (2) the employer took adverse action against her; and (3) a causal link exists between her protected conduct and the employer's adverse action." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016) (citation omitted).  To state a claim for employment discrimination under the ADA, a plaintiff must allege that he has a disability within the meaning of the ADA, he was "'otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer[;]' and he 'suffered an otherwise adverse employment decision as a result of discrimination.'" *Morgan v. Allison Crane & Rigging LLC*, No. 23-1747, 2024 WL 4033125, at *3 (3d Cir. Sept. 4, 2024) (quoting *Eshleman v. Patrick Indus., Inc.*, 961 F.3d 242, 245 (3d Cir. 2020)).  A person is disabled within the meaning of the ADA if they: (1) have "'a physical or mental impairment that substantially limits one or more' of their 'major life activities'; (2) have 'a record of such an impairment'; or (3) are 'regarded as having such an impairment.'" *Id*. (quoting 42 U.S.C. § 12102(1)).

5

D'Angelo also submitted a thumb drive containing numerous documents. In conducting a statutory screening under 28 U.S.C. § 1915(e)(2)(B), the Court may consider exhibits attached to a *pro se* plaintiff's complaint. *See Harris v. U.S. Marshal Serv.*, No. 10-328, 2011 WL 3607833, at *2 (W.D. Pa. Apr. 6, 2011), *report and recommendation adopted as modified*, 2011 WL 3625136 (W.D. Pa. Aug. 15, 2011) ("In addition to the complaint, courts may consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case in disposing of a motion to dismiss under Rule 12(b)(6), and hence, under the screening provisions of the PLRA.") (citing *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1385 n.2 (3d Cir. 1994)). However, a plaintiff may not state a claim by relying solely on exhibits. *See Estate of Egenious Coles*, *Estate of Egenious Coles v. Zucker, Goldberg & Ackerman*, 658 F. App'x 108, 111 (3d Cir. 2016) ("[W]e cannot fault the District Court for failing to intuit the necessary factual allegations from one of the many exhibits appended to the complaint."); *see also Berkery v. Credit Collection Servs.*, No. 21-3809, 2021 WL 4060454, at *2 (E.D. Pa. Sept. 7, 2021) ("While a court may consider exhibits attached to a complaint, merely attaching exhibits is insufficient to meet the requirement that a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face."). Accordingly, D'Angelo's complaint must be dismissed for failure to comply with Rules 8 and 10 since no defendant would have sufficient notice to prepare their defense and the Court is not sufficiently informed to determine the nature of his claims. D'Angelo may file an amended complaint to present his Title VII and ADA claims by providing a short plain statement of the facts of his case in numbered paragraphs.[3]

---

[3] In submitting an amended complaint, D'Angelo does not need to attach the evidence he believes he will present in discovery or at trial. Should he determine to submit any exhibits with an amended complaint, he must provide them to the Clerk of Court on paper so that they can be

IV.     **MOTION TO SEAL**

D'Angelo filed his documents under seal. (ECF No. 4.) Local Rule of Civil Procedure 5.1.5 provides that a document in a civil action may be filed under seal only if the civil action is brought pursuant to a federal statute that prescribed the sealing of the record or certain specific documents, or the Court orders the document sealed. D'Angelo identifies no statute requiring this case be sealed and, having reviewed D'Angelo's submission, the Court can discern no cause for it to have been filed under seal. He states that he seeks to proceed under seal because his employer has "not issued a final determination regarding the matter in question." (*Id*. at 1.) But D'Angelo attached an EEOC Right To Sue letter to his Complaint indicating that the administrative remedies are complete. (Compl. at 6.) He also asserts that proceeding under seal is needed to avoid embarrassment or reputational harm, and to protect financial data and medical documentation, even though he also asserts that he has "redacted personally identifiable information where feasible," but still seeks "to seal all documents in this matter because it may not be possible to protect all information through redaction, without diluting the substantive meaning of the documentation." (ECF No. 4 at 1.)

"[O]ne of the essential qualities of a Court of Justice [is] that its proceedings should be public." *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011) (quotation omitted). To that end, Federal Rule of Civil Procedure 10(a) requires parties to a lawsuit to identify themselves in their respective pleadings. *Id.* (citing *Doe v. Frank*, 951 F.2d 320, 322 (11th Cir.1992). "Identifying the parties to the proceeding is an important dimension of publicness. The people have a right to know who is using their courts." *Id*. (citing *Doe v. Blue Cross & Blue Shield United*, 112 F.3d

---

scanned into the CM/ECF system, or file them electronically with his amended complaint using the Court's Electronic Docket Submission tool available to *pro se* litigants.

869, 872 (7th Cir. 1997)).  Should this case proceed past the pleading stage, and personal financial or other information is contained in discovery material produced in this case and needs to be protected, the parties may at that time enter into an agreement to protect the confidentiality or seek a protective order from the Court.  At this time, however, there is no cause to seal this case.

### V.     MOTION FOR COUNSEL

D'Angelo also seeks appointment of counsel.  (ECF No. 3.)  That request is premature. *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (stating that, in determining whether to appoint *pro bono* counsel, the Court must first consider, as a threshold matter, whether the plaintiff's claim has "some merit in fact and law.").  D'Angelo may renew his request if he files an amended complaint that complies with Rules 8 and 10 and if the Court directs service on a named Defendant.

### VI.    CONCLUSION

For these reasons, the docket will be unsealed, the Complaint will be dismissed, and the motion for counsel will be denied.  An order follows providing D'Angelo with additional information about filing an amended complaint.

                                                **BY THE COURT:**

                                                /s/ Chad F. Kenney

                                                _____
                                                **CHAD F. KENNEY, J.**