IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GUY D'ANGELO, | : | |
|    Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 25-CV-5330 |
| | : | |
| THE SCHOOL DISTRICT OF | : | |
| PHILADELPHIA, | : | |
|    Defendant. | : | |

## ORDER

AND NOW, this 21st day of November 2025, upon consideration of Plaintiff Guy D'Angelo's Motion to Proceed *In Forma Pauperis* (ECF No. 10), Motion to Excuse Late Filing (ECF No. 11), Motion to Proceed Under a Pseudonym (ECF No. 13), and Amended Complaint (ECF No. 12) it is **ORDERED** that:

1. The Clerk of Court is **DIRECTED** add the following persons as named Defendants: Chief Talent Officer Kaylan Connally, Deputy COO Teresa Fleming, Garage Supervisor Nadine Miller, Bus Dispatcher Antonio Wynn, Hearing Officer Sheila Wallin, District Counsel Michael Sheehan, Esq., Hearing Officer Rudolph Garcia, Esq., Shop Steward Charnel Brownlee, District Physician Dr. Jones, and Leave Specialist Dawn Reynolds.

2. The Motion to Proceed *In Forma Pauperis* is **DENIED** because the Court has already granted this relief.

3. The Motion to Proceed Under a Pseudonym is **DENIED**.

4. The Motion to Excuse Late Filing is **DENIED** as moot.

5. The Amended Complaint is **DISMISSED IN PART WITH PREJUDICE AND IN PART WITHOUT PREJUDICE** for the reasons stated in the Court's Memorandum as follows:

      a.    All claims asserted against Chief Talent Officer Kaylan Connally, Deputy COO Teresa Fleming, Garage Supervisor Nadine Miller, Bus Dispatcher Antonio Wynn, Hearing Officer Sheila Wallin, District Counsel Michael Sheehan, Esq., Hearing Officer Rudolph Garcia, Esq., Shop Steward Charnel Brownlee, District Physician Dr. Jones, and Leave Specialist Dawn Reynolds are **DISMISSED WITH PREJUDICE**.

      b.    All claims asserted against the School District of Philadelphia are **DISMISSED WITHOUT PREJUDICE**.

6.    The Clerk of Court is **DIRECTED** to terminate Chief Talent Officer Kaylan Connally, Deputy COO Teresa Fleming, Garage Supervisor Nadine Miller, Bus Dispatcher Antonio Wynn, Hearing Officer Sheila Wallin, District Counsel Michael Sheehan, Esq., Hearing Officer Rudolph Garcia, Esq., Shop Steward Charnel Brownlee, District Physician Dr. Jones, and Leave Specialist Dawn Reynolds as Defendants.

7.    D'Angelo may file a second amended complaint within thirty (30) days of the date of this Order.  Any second amended complaint must identify all defendants in the caption of the second amended complaint in addition to identifying them in the body of the second amended complaint and shall state the basis for D'Angelo's claims against each defendant.  The second amended complaint shall be a complete document that does not rely on the initial Complaint, Amended Complaint, or other papers filed in this case to state a claim.  When drafting his second amended complaint, D'Angelo should be mindful of the Court's reasons for dismissing the claims in his Amended Complaint as explained in the Court's Memorandum.  Specifically, while D'Angelo may use the Court's preprinted form, he must include in narrative form a complete description of the facts underlying any claim he seeks to present in numbered paragraphs.  Additional pages may be attached to the form if needed.  Merely attaching exhibits

is not sufficient.  Upon the filing of a second amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

8.    The Clerk of Court is **DIRECTED** to send D'Angelo a blank copy of this Court's current standard form to be used by a self-represented litigant filing an employment discrimination action bearing the above-captioned civil action number.  D'Angelo may use this form to file his second amended complaint if he chooses to do so.

9.    If D'Angelo does not wish to further amend and instead intends to stand on his Amended Complaint as originally pled, he may file a notice with the Court within thirty (30) days of the date of this Order stating that intent, at which time the Court will issue a final order dismissing the case.  Any such notice should be titled "Notice to Stand on Amended Complaint," and shall include the civil action number for this case.  *See Weber v. McGrogan*, 939 F.3d 232, 241 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

10.   If D'Angelo fails to file any response to this Order, the Court will conclude that D'Angelo intends to stand on his Amended Complaint and will issue a final order dismissing this

case.[1]  *See Weber*, 939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on his complaint may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).

BY THE COURT:

/s/ Chad F. Kenney

_____
**CHAD F. KENNEY, J.**

---

[1] The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on her complaint.  *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (*per curiam*).  Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend her complaint, leaving the case without an operative pleading.  *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (*per curiam*) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)).